IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIM. NO.: 17-521 (GAG/SCC) |
| LORENZO OZORIA-ALVAREZ, | |
| Defendant. | |

**REPORT AND RECOMMENDATION ON PLEA OF GUILTY**

**I.  PROCEDURAL BACKGROUND**

On September 11, 2017, defendant Lorenzo Ozoria-Alvarez was charged in a single-count indictment. On March 6, 2018, the defendant, assisted by the court interpreter, appeared before me and agreed to plead guilty to count one of the indictment. *See United States v. Woodard*, 387 F.3d 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 guilty plea hearing). Count One charges that defendant, being an alien previously deported, after the commission of an aggravated felony, did knowingly attempt to enter the United States without obtaining,

United States v. Ozoria-Alvarez
Crim. No. 17-521 (GAG/SCC)
Report and Recommendation

prior to his re-embarkation, the express consent from the Attorney General of the United

States, or his successor, the Secretary of the Department of Homeland Security, acting

through the Under Secretary for the Border and Transportation Security, in violation of

Title 8, United States Code, Sections 1326(a)(2) and (b)(2). The defendant was advised of

the purpose of the hearing and placed under oath, with instructions that his answers must

be truthful or he would subject himself to possible charges of perjury or making a false

statement.

## II.  CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The defendant was provided with, and signed, a form waiving his right to trial by

jury.[1] He confirmed that his attorney explained and translated the form, and he was

further explained his right to have all proceedings, including the change of plea hearing,

conducted by a district judge. To this end, defendant was made to understand the

differences between the functions and jurisdiction of magistrate and district judges, and

that, if he chose to proceed before a magistrate judge, that the magistrate would hold the

---

[1]That form, entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty, was signed and consented to by both parties, and is made part of the record.

United States v. Ozoria-Alvarez
Crim. No. 17-521 (GAG/SCC)
Report and Recommendation

hearing and prepare a report and recommendation, which would be subject to review by

and the final approval of the district judge. Having heard all of this, the defendant

consented to proceed before a magistrate judge.

## III. PROCEEDINGS UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The acceptance of guilty pleas for federal criminal violations is governed by Rule 11

of the Federal Rules of Criminal Procedure, pursuant to which a guilty plea is valid only

if it is knowing and voluntary. *United States v. Hernandez-Wilson*, 186 F.3d 1, 5 (1st Cir.

2009). Accordingly, Rule 11 "ensure[s] that a defendant who pleads guilty does so with

an 'understanding of the nature of the charge and consequences of his plea.'" *United States*

*v. Cotal-Crespo*, 47 F.3d 1, 4 (1st Cir. 1995) (quoting *McCarthy v. United States*, 394 U.S. 459,

467 (1969)). Thus, a Rule 11 proceeding must indicate (1) the absence of coercion, (2) an

understanding of the charges, and (3) knowledge of the consequences of pleading guilty.

*Cotal-Crespo*, 47 F.3d at 4 (citing *United States v. Allard*, 926 F.2d 1237, 1244 (1st Cir. 1991)).

### A. Competence to Enter a Guilty Plea

The defendant was questioned about his age, education, employment, history of

treatment for mental illness or addiction, use of medication, drugs, or alcohol, and his

3

United States v. Ozoria-Alvarez
Crim. No. 17-521 (GAG/SCC)
Report and Recommendation

understanding of the purpose of the hearing. It was confirmed that the defendant

received a copy of the superseding indictment and fully discussed the charges with his

counsel and was satisfied with the advice and representation he received. The court

inquired whether counsel for the defendant or the government had any doubts about the

defendant's capacity to plead; neither had any doubts about defendant's competency.

Upon hearing the defendant's responses and observing his demeanor, a finding was

made that the defendant was competent to plead and was fully aware of the hearing's

purpose.

**B.  Maximum Penalties**

The defendant expressed his understanding of the maximum penalties prescribed by

statute for the offense to which he was pleading guilty, namely, as to count one, a term

of imprisonment of not more than twenty years, a fine not to exceed $250,000, and a term

of supervised release of not more than three years. However, Defendant was also

informed that a special monetary assessment of $100 would also be imposed, to be

deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section

3013(a). Defendant additionally agreed to the forfeiture count. The court explained the

nature of supervised release and the consequences of violating its terms.   Finally,

United States v. Ozoria-Alvarez
Crim. No. 17-521 (GAG/SCC)
Report and Recommendation

because defendant is not a U.S. citizen, he was warned that his guilty plea could result in

adverse immigration consequences.

### C. Plea Agreement

The defendant was shown documents titled Plea Agreement and Supplement to Plea

Agreement (together, "Plea Agreement"), which are part of the record, and identified his

initials and signatures. He confirmed that he had the opportunity to read and discuss the

Plea Agreement with his attorney before signing, that his attorney had translated the

document, that it represented the entirety of his understanding with the government, that

he understood its terms, and that no one had made any other or different promises or

assurances to induce him to plead guilty.

Pursuant to the Plea Agreement in this case, the Government had agreed to

recommend, or has agreed not to oppose the defendant's request, that a particular

sentence or sentencing range is appropriate or that a particular provision of the

Sentencing Guidelines or sentencing factor does not apply. *See* Fed. R. Crim. P. 11(c)(1)(B).

The defendant was admonished, pursuant to Rule 11(c)(3)(B), that his sentence is a matter

to be decided by the presiding judge, who may disregard the Agreement's

recommendations and impose any sentence within the statutory range. To this end, the

United States v. Ozoria-Alvarez
Crim. No. 17-521 (GAG/SCC)
Report and Recommendation

presiding judge may accept or reject the Plea Agreement or may defer

decision until after considering the pre-sentence report. The defendant understood that

he could not later withdraw his guilty plea because the presiding judge imposes a

sentence greater than that recommended by the Plea Agreement.

The parties' sentencing calculations and recommendations appear in the Plea

Agreement and were explained in open court. The defendant confirmed that these were

the sentencing recommendations he agreed to with the government. The defendant was

made to understand that the guidelines are no longer mandatory and are thus considered

advisory, and that during sentencing, the court will consider the sentencing criteria found

at Title 18, United States Code, Section 3553(a).

The defendant was advised that under some circumstances, he or the government

may have the right to appeal the sentence the court imposes. The defendant was further

informed, and professed to understand, that the Plea Agreement contains a waiver of

appeal provision under which the defendant agreed to waive his right to appeal the

judgment and sentence if the court accepts the Plea Agreement and sentences him

according to its terms and conditions.

United States v. Ozoria-Alvarez
Crim. No. 17-521 (GAG/SCC)
Report and Recommendation

### D. Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and that if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him; that at trial he would have the right to hear and cross-examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf. He was further advised that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

The defendant expressed his understanding of these right, and his understanding that by entering a plea of guilty there would be no trial and he would be waiving or giving up the rights the court explained. The defendant's counsel attested that he explained these rights to his client and believed that the defendant understood his explanations.

United States v. Ozoria-Alvarez
Crim. No. 17-521 (GAG/SCC)
Report and Recommendation

The defendant was also informed that parole has been abolished and that

any sentence of imprisonment must be served. Further, defendant was explained that a

pre-sentence report would be prepared and considered by the district judge at

sentencing. Defendant was admonished that his guilty plea, if accepted, may deprive

him of valuable civil rights, including the right to vote, to serve as juror, to hold public

office, and to possess a firearm. The defendant expressed his understanding of these

consequences.

### E.  Factual Basis for the Guilty Plea

The government presented a summary of the basis in fact for the offense charged in

count one and the evidence the government had available to establish the defendant's

guilt beyond a reasonable doubt, should the case go to trial. The defendant understood

this explanation and agreed with the government's submission as to evidence which

could have been presented at trial.

### F.  Voluntariness

The defendant stated that he had not been induced to plead guilty, but, rather, that he

was entering such a plea freely and voluntarily because he is in fact guilty, and that no

one had threatened him or offered him a thing of value in exchange for his plea. He

United States v. Ozoria-Alvarez
Crim. No. 17-521 (GAG/SCC)
Report and Recommendation

acknowledged that no one had made any promises in exchange for his guilty plea, other

than the recommendations set fort in the Plea Agreement. Throughout the hearing, the

defendant was able to consult with his attorney.

**G.   Special Warnings**

The defendant was explained, and he understood, that as a result of entering a guilty

plea, he may be subject to adverse administrative consequences, including but not limited

to deportation or removal from the United States of America.

**IV. CONCLUSION**

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal

Rules of Criminal Procedure and entered a plea of guilty as to count one of the indictment.

After cautioning and examining the defendant under Rule 11, I find that the defendant,

Lorenzo Ozoria-Alvarez, is competent to enter this guilty plea, is aware of the nature of

the offense charged and the maximum penalties it carries, understands that the charge is

supported by evidence and a basis in fact, has admitted to the elements of the offense,

and has done so in an intelligent and voluntary manner with the full knowledge of the

consequences of his guilty plea. Therefore, I recommend that the court accept the guilty

plea and that the defendant be adjudged guilty as to count one of the indictment.

United States v. Ozoria-Alvarez
Crim. No. 17-521 (GAG/SCC)
Report and Recommendation

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 6th day of March, 2018.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE